Present order of consolidation.

OSCAR KORNHUBER AND DOROTHY KORNHUBER, HIS WIFE, PLAINTIFFS, v. JOSEPH BOSETTI AND ARTHUR BOSETTI AND MARY A. CONNELLY, DEFENDANTS.

Superior Court of New Jersey
Chancery Division

Decided January 3, 1952.

*Mr. Bernard S. White,* attorney for plaintiffs.

*Mr. Thomas S. Clancy,* attorney for defendants.

GRIMSHAW, J. S. C. This litigation originated with the filing of a complaint to quiet title. The encumbrance concerning the validity of which the plaintiffs sought the court's judgment was a bond and mortgage for $6.000, dated April 25, 1927, covering plaintiffs' property. Defendants set forth their ownership of the bond and mortgage by assignment from Joseph Bosetti, administrator of the estate of Enrichetta Camporini, deceased. In their counterclaim the defendants allege that there is due upon the bond and mortgage the sum of $4,100, with interest from January 1, 1949, and seek a judgment of foreclosure.

Plaintiffs concede the amount due upon the bond and mortgage. They allege, however, that Enrichetta Camporini died a resident of Italy and that the appointment of Joseph Bosetti as her administrator, by the Surrogate of Bergen County, was without legal effect and, therefore, that defendants do not have good title to the mortgage.

A motion for summary judgment upon the complaint and counterclaim was made by the defendants. There are, it seems to me, two reasons why defendants' motion for summary judgment must prevail. In the first place, since they concede the amount due upon the mortgage, plaintiffs may not seek affirmative relief in equity without first tendering payment in full of the mortgage and interest. *Hollings v. Hollings,* 12 *N. J. Super.* 57 *(App. Div.* 1951). In the second place, the act of the surrogate in appointing Bosetti as administrator was a judicial function and his decree is not subject to collateral attack. *Crawford v. Lees,* 84 *N. J. Eq.* 324 *(Ch.* 1915); *Plume v. Howard Savings Institution,* 46 *N. J. L.* 211 *(Sup. Ct.* 1884).

There will be judgment for the defendants upon the complaint and the counterclaim.